CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MATTHEW E. BILLIPS,**  )<br>    Plaintiff,                     )<br>                                    )<br>v.                               )<br>                                    )<br>                                    )<br>**M. STRANSKY, et al.,**   )<br>    Defendants.              )  | Case No. 7:24-cv-00783<br><br><br>**By: Michael F. Urbanski**<br>**Senior United States District Judge** |

## MEMORANDUM OPINION

Matthew E. Billips, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against M. Stransky, R. Hickman, C. Stone, and the Virginia Parole Board. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

Billips is currently incarcerated at Wallens Ridge State Prison, where he is serving a sentence imposed for crimes committed while he was a juvenile. Compl., ECF No. 1, at 3. Billips applied for parole at some point prior to April 2024, and the Virginia Parole Board denied the application. Id. He alleges that the Parole Board based its decision, at least in part, on "bogus" disciplinary charges written by defendants Hickman and Stone. Id. at 2–3. He also alleges that he has been denied access to a program led by defendant Stransky, which he needs to complete for parole purposes.

Billips claims that the Parole Board violated his right to due process by denying his parole application. Id. at 3. He claims that Hickman, Stone, and Stransky deprived him of due

process by engaging in actions that negatively affected the outcome of his parole application. Id. He requests that the court "issue an injunction to halt [an] unconstitutional practice" that is allegedly being used to "further [an] unconstitutional sentence." Id. at 4.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Billips seeks relief under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Billips's complaint fails to state a claim under § 1983 against the named defendants for several reasons. First, the Parole Board is not a "person" subject to liability under the statute.

2

See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials in their official capacities are 'persons' under § 1983"); Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"). Because the Parole Board is a state agency, it is not a proper defendant in a § 1983 action. See Parker v. VA Parole, No. 1:23-cv-00151, 2024 WL 4609580, at *3 (E.D. Va. Oct. 28, 2024).

Second, as a general rule, "a false disciplinary charge cannot serve as the basis for a constitutional claim." Cole v. Holloway, 631 F. App'x 185, 186 (4th Cir. 2016). Although there are exceptions to this rule, such as when a disciplinary charge is filed for an unlawful retaliatory reason, see Booker v. S.C. Dep't of Corr., 583 F. App'x 43, 44 (4th Cir. 2014), Billips does not allege that Hickman or Stone retaliated against him for engaging in constitutionally protected activity. "[B]ecause filing a false disciplinary charge does not standing alone establish a Fourteenth Amendment violation," Johnson v. Zook, No. 1:22-cv-00920, 2023 WL 4873642, at *3 (E.D. Va. July 31, 2023), Billips's allegations against Hickman and Stone fail to state a claim upon which relief may be granted.

Third, "the decision whether to grant parole is a discretionary one" under Virginia law. Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012). Consequently, a Virginia inmate "cannot claim entitlement and therefore a liberty interest" in being released on parole. Id. (internal quotation marks omitted); see also Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Likewise, the denial of access to educational programs generally does not deprive an inmate of a protected liberty

interest. See Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996) (holding that the denial of educational programs "did not infringe on a protected liberty interest"); Arango v. Winstead, 352 F. App'x 664, 666 (3d Cir. 2009) (explaining that an inmate's removal from a prison program did not implicate a protected liberty interest since "restriction from participation in prison programs is among the conditions of confinement that an inmate may reasonably anticipate during her incarceration"); Scott v. Mathena, No. 7:12-cv-00469, 2012 WL 4891711, at *1 (W.D. Va. Oct. 15, 2012) (concluding, based upon the facts alleged, that the plaintiff's inability to participate in prison programs did not give rise to the protections of the Due Process Clause). Here, Billips does not plausibly allege that he was deprived of a protected liberty interest as a result of being denied access to the program led by defendant Stransky. Without a protected interest, there can be no unconstitutional deprivation of due process. See Wooten v. Clifton Forge Sch. Bd., 655 F.2d 552, 554 (4th Cir. 1981) ("An individual seeking to invoke the protections of the due process clause of the fourteenth amendment first must establish that he has been deprived of a liberty or property interest protected by that clause.").

Finally, to the extent that Billips suggests that he is being required to serve an unconstitutional sentence, a civil rights action under § 1983 is not the appropriate vehicle to challenge the fact or length of his confinement. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (explaining that "a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement") (internal quotation marks and citations omitted). An inmate in state custody "must seek federal habeas corpus relief (or appropriate state relief) instead." Id. at 78.

## IV. Conclusion

For the foregoing reasons, the court concludes that Billips's complaint fails to state a claim upon which relief may be granted. Accordingly, the action is summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: January 13, 2025

Mike Urbanski Senior U.S.District Judge
2025.01.13 12:40:28 -05'00'

Michael F. Urbanski
Senior United States District Judge